1  Adam M. Silverstein (197638)

2  CAVALLUZZI & CAVALLUZZI

3  9200 Sunset Boulevard, Suite 807

4  Los Angeles, California 90069

5  Telephone: (310) 246-2601

6  Facsimile: (310) 246-2606

7  Email: adam@cavalluzzi.com

8  *Attorneys for Plaintiff*

9

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAW FILMS, LTD.,<br>a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOHN DOES 1-11,<br><br>        Defendants. | Case No. **'12 CV0368 WQHNLS**<br><br>**COMPLAINT** |

Plaintiff, Raw Films, Ltd., sues John Does 1-11, and alleges:

### Introduction

1.    This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2.    Through this suit, Plaintiff alleges each Defendant is liable for:

- Direct copyright infringement in violation of 17 U.S.C. §§ 106 and 501; and

Case No.

- Contributory copyright infringement.

## Jurisdiction and Venue

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

4.    As set forth on Exhibit A, each of the Defendants' acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District, and therefore pursuant to Cal. Civ. Proc. Code § 410.10, this Court has personal jurisdiction over each Defendant because each Defendant committed the tortious conduct alleged in this Complaint in the State of California, and (a) each Defendant resides in the State of California, and/or (b) each Defendant has engaged in continuous and systematic business activity in the State of California.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) a Defendant resides (and therefore can be found) in this District and all of the Defendants reside in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because each Defendant or each Defendant's agent resides or may be found in this District.

Case No.

## Parties

6.    Plaintiff is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business located at 37 Warren Street, London, W1t 6ad, United Kingdom.

7.    Each Defendant is known to Plaintiff only by an IP address.

8.    An IP address is a number that is assigned by an Internet Service Provider (an "ISP") to devices, such as computers, that are connected to the Internet.

9.    The ISP to which each Defendant subscribes can correlate the Defendant's IP address to the Defendant's true identity.

## Joinder

10.    Pursuant to Fed. R. Civ. P. 20(a)(2), each of the Defendants was properly joined because, as set forth in more detail below, Plaintiff asserts that: (a) each of the Defendants is jointly and severally liable for the infringing activities of each of the other Defendants, and (b) the infringement complained of herein by each of the Defendants was part of the same series of transaction, involving the exact same piece of Plaintiff's copyrighted Work, and was accomplished by the Defendants acting in concert with each other, and (c) there are common questions of law and fact; indeed, the claims against each of the Defendants are identical and each of the Defendants used the BitTorrent protocol to infringe Plaintiff's copyrighted Work.

Case No.

**Factual Background**

I.   *Plaintiff Owns the Copyright to a Motion Picture*

11.   Plaintiff's work is subject to copyright protection for the motion picture entitled "Bareback Street Gang" (the "Work"), pursuant to 17 U.S.C. §§ 104(b)(1)-(3) because one or more of the authors is a national or domiciliary of a treaty party; the Work was first published in a foreign nation that is a treaty party; and the Work qualifies as a sound recording that was first fixed in the territory of a treaty party.

12.   Registering the copyright is not a condition precedent to bringing this action under 17 U.S.C. § 411 (a) because the subject copyright is not a "United States Work" within the meaning of that statute. Instead, the work underlying the copyright was created and/or published within the territory of a treaty party.

II.   *Defendants Used BitTorrent To Infringe Plaintiff's Copyright*

13.   BitTorrent is one of the most common peer-to-peer file sharing protocols (in other words, set of computer rules) used for distributing large amounts of data; indeed, it has been estimated that users using the BitTorrent protocol on the internet account for over a quarter of all internet traffic.  The creators and users of BitTorrent developed their own lexicon for use when talking about BitTorrent; a copy of the BitTorrent vocabulary list posted on www.Wikipedia.org is attached as Exhibit B.

14.   The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network.  In

Case No.

short, to reduce the load on the source computer, rather than downloading a file from a single source computer (one computer directly connected to another), the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously (one computer connected to numerous computers).

    *A.*    *Each Defendant Installed a BitTorrent Client onto his or her Computer*

    15.    Each Defendant installed a BitTorrent Client onto his or her computer.

    16.    A BitTorrent "Client" is a software program that implements the BitTorent protocol.  There are numerous such software programs including µTorrent and Vuze, both of which can be directly downloaded from the internet.  <u>See</u> www.utorrent.com and http://new.vuze-downloads.com/.

    17.    Once installed on a computer, the BitTorrent "Client" serves as the user's interface during the process of uploading and downloading data using the BitTorrent protocol.

    *B.*    *The Initial Seed, Torrent, Hash and Tracker*

    18.    A BitTorrent user that wants to upload a new file, known as an "initial seeder," starts by creating a "torrent" descriptor file using the Client he or she installed onto his or her computer.

    19.    The Client takes the target computer file, the "initial seed," here the copyrighted Work, and divides it into identically sized groups of bits known as "pieces."

Case No.

20.    The Client then gives each one of the computer file's pieces, in this case, pieces of the copyrighted Work, a random and unique alphanumeric identifier known as a "hash" and records these hash identifiers in the torrent file.

21.    When another peer later receives a particular piece, the hash identifier for that piece is compared to the hash identifier recorded in the torrent file for that piece to test that the piece is error-free.  In this way, the hash identifier works like an electronic fingerprint to identify the source and origin of the piece and that the piece is authentic and uncorrupted.

22.    Torrent files also have an "announce" section, which specifies the URL (Uniform Resource Locator) of a "tracker," and an "info" section, containing (suggested) names for the files, their lengths, the piece length used, and the hash identifier for each piece, all of which are used by Clients on peer computers to verify the integrity of the data they receive.

23.    The "tracker" is a computer or set of computers that a torrent file specifies and to which the torrent file provides peers with the URL address(es).

24.    The tracker computer or computers direct a peer user's computer to other peer user's computers that have particular pieces of the file, here the copyrighted Work, on them and facilitates the exchange of data among the computers.

25.    Depending on the BitTorrent Client, a tracker can either be a dedicated computer (centralized tracking) or each peer can act as a tracker (decentralized

Case No.

1  tracking).

2  C.    *Torrent Sites*

3  26.    "Torrent sites" are websites that index torrent files that are currently
4
5  being made available for copying and distribution by people using the BitTorrent

6  protocol.   There are numerous torrent websites, including www.TorrentZap.com,

7  www.Btscene.com, and www.ExtraTorrent.com.
8
9  27.    Upon information and belief, each Defendant went to a torrent site to

10  upload and download Plaintiff's copyrighted Work.

11  D.    *Uploading and Downloading a Work Through a BitTorrent Swarm*
12
13  28.    Once the initial seeder has created a torrent and uploaded it onto one or

14  more  torrent sites then other peers begin to download and upload the computer file
15
16  to which the torrent is linked (here the copyrighted Work) using the BitTorrent
17  protocol and BitTorrent Client that the peers installed on their computers.

18  29.    The BitTorrent protocol causes the initial seed's computer to send
19
20  different pieces of the computer file, here the copyrighted Work, to the peers seeking
21  to download the computer file.

22  30.    Once a peer receives a piece of the computer file, here a piece of the
23
24  Copyrighted Work, it starts transmitting that piece to the other peers.

25  31.    In this way, all of the peers and seeders are working together in what is

26  called a "swarm."

27

28                                                                    Case No.

32.   Here, each Defendant peer member participated in the same swarm and directly interacted and communicated with other members of that swarm through digital handshakes, the passing along of computer instructions, uploading and downloading, and by other types of transmissions.  A print out of a computer screen illustrating the type of interactions between and among peers and seeders in a typical swarm is attached as Exhibit C.

33.   In this way, and by way of example only, one initial seeder can create a torrent that breaks a movie up into hundreds or thousands of pieces saved in the form of a computer file, like the Work here, upload the torrent onto a torrent site, and deliver a different piece of the copyrighted Work to each of the peers.  The recipient peers then automatically begin delivering the piece they just received to the other peers in the same swarm.

34.   Once a peer, here a Defendant, has downloaded the full file, the BitTorrent Client reassembles the pieces and the peer is able to view the movie. Also, once a peer has downloaded the full file, that peer becomes known as "an additional seed" because it continues to distribute the torrent file, here the copyrighted Work.

E.    *Plaintiff's Computer Investigators Identified Each of the Defendants' IP Addresses as Participants in a Swarm That Was Distributing Plaintiff's Copyrighted Work*

35.    Plaintiff retained IPP, Limited ("IPP") to identify the IP addresses that are being used by those people that are using the BitTorrent protocol and the internet to reproduce, distribute, display or perform Plaintiffs' copyrighted works.

36.    IPP used forensic software named INTERNATIONAL IPTRACKER v1.2.1 and related technology enabling the scanning of peer-to-peer networks for the presence of infringing transactions.

37.    IPP extracted the resulting data emanating from the investigation, reviewed the evidence logs, and isolated the transactions and the IP addresses associated therewith for the file identified by the SHA-1 hash value of D0DE9062102977D136A7D055953D5D57A088C1E4,    (the    "Unique    Hash Number").

38.    The IP addresses, Unique Hash Number and hit dates contained on Exhibit A accurately reflect what is contained in the evidence logs, and show:

(A)    Each Defendant had copied a piece of Plaintiff's copyrighted Work identified by the Unique Hash Number; and

(B)    Therefore, each Defendant was part of the same series of transactions.

39.    Through each of the transactions, each of the Defendant's computers used their identified IP addresses to connect to the investigative server from a computer in this District in order to transmit a full copy, or a portion thereof, of a

Case No.

1   digital media file identified by the Unique Hash Number.

2       40.    IPP's agent analyzed each BitTorrent "piece" distributed by each IP

3   address listed on Exhibit A and verified that re-assemblage of the pieces using a

4

5   BitTorrent Client results in a fully playable digital motion picture of the Work.

6       41.    IPP's agent viewed the Work side-by-side with the digital media file

7   that correlates to the Unique Hash Number and determined that they were identical,

8

9   strikingly similar or substantially similar.

10   **Miscellaneous**

11       42.    All conditions precedent to bringing this action have occurred or been

12

13   waived.

14       43.    Plaintiff retained counsel to represent it in this matter and is obligated to

15   pay said counsel a reasonable fee for its services.

16   **COUNT I**

17   **Direct Infringement Against Does 1-11**

18       44.    The allegations contained in paragraphs 1-43 are hereby re-alleged as if

19

20   fully set forth herein.

21       45.    Plaintiff is the owner of the copyrighted Work which contains an

22

23   original work of authorship.

24       46.    By using the BitTorrent protocol and a BitTorrent Client and the

25   processes described above, each Defendant copied the constituent elements of the

26

27   Work that are original.

28

47.    Plaintiff did not authorize, permit or consent to Defendants' copying of its Work.

48.    As a result of the foregoing, each Defendant violated Plaintiff's exclusive right to:

(A)    Reproduce the Work in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

(B)    Redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of 17 U.S.C. §§ 106(3) and 501;

(C)    Perform the copyrighted Work, in violation of 17 U.S.C. §§ 106(4) and 501, by showing the Work's images in any sequence and/or by making the sounds accompanying the Work audible and transmitting said performance of the Work, by means of a device or process, to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definitions of "perform" and "publically" perform); and

(D)    Display the copyrighted Work, in violation of 17 U.S.C. §§ 106(5) and 501, by showing individual images of the Work nonsequentially and transmitting said display of the Work by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

49.    Each of the Defendants' infringements was committed "willfully"

Case No.

1  within the meaning of 17 U.S.C. § 504(c)(2).

2      50.    Plaintiff has suffered actual damages that were proximately caused by
3
4  each of the Defendants including lost sales, price erosion and a diminution of the
5  value of its copyright.

6      WHEREFORE, Plaintiff respectfully requests that the Court:

7      (A)    Permanently enjoin each Defendant and all other persons who are in
8
9  active concert or participation with each Defendant from continuing to infringe
10 Plaintiff's copyrighted Work;

11     (B)    Order that each Defendant delete and permanently remove the torrent
12
13 file relating to Plaintiff's copyrighted Work from each of the computers under each
14 such Defendant's possession, custody or control;

15     (C)    Order that each Defendant delete and permanently remove the copy of
16
17 the Work each Defendant has on the computers under Defendant's possession,
18 custody or control; and

19     (D)    Grant Plaintiff any other and further relief this Court deems just and
20
21 proper.

22              **COUNT II**
23     **Contributory Infringement Against Does 1-11**

24     51.    The allegations contained in paragraphs 1-43 are hereby re-alleged as if
25
26 fully set forth herein.

27     52.    Plaintiff is the owner of the copyrighted Work which contains an
28                                          Case No.

original work of authorship.

53.     By using the BitTorrent protocol and a BitTorrent Client and the processes described above, each Defendant copied the constituent elements of the Work that are original.

54.     By participating in the BitTorrent swarm with the other Defendants, each Defendant induced, caused or materially contributed to the infringing conduct of each other Defendant.

55.     Plaintiff did not authorize, permit or consent to Defendants' inducing, causing or materially contributing to the infringing conduct of each other Defendant.

56.     Each Defendant knew or should have known that other BitTorrent users, here the other Defendants, would become members of a swarm with Defendant.

57.     Each Defendant knew or should have known that other BitTorrent users in a swarm with it, here the other Defendants, were directly infringing Plaintiff's copyrighted Work by copying constituent elements of the Work that are original.

58.     Indeed, each Defendant directly participated in and therefore materially contributed to each other Defendant's infringing activities.

59.     Each of the Defendants' contributory infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

60.     Plaintiff has suffered actual damages that were proximately caused by each of the Defendants including lost sales, price erosion, and a diminution of the value of its copyright.

Case No.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)   Permanently enjoin each Defendant and all other persons who are in active concert or participation with each Defendant from continuing to infringe Plaintiff's copyrighted Work;

(B)   Order that each Defendant delete and permanently remove the torrent file relating to Plaintiff's copyrighted Work from each of the computers under each such Defendant's possession, custody or control;

(C)   Order that each Defendant delete and permanently remove the copy of the Work each Defendant has on the computers under Defendant's possession, custody or control;

(D)   Find that each Defendant is jointly and severally liable for the direct infringement of each other Defendant;  and

(E)   Grant Plaintiff any other and further relief this Court deems just and proper.

**COUNT III**
**Direct Trademark Infringement Against Does 1-11**

61.   The allegations contained in paragraphs 1-43 are hereby re-alleged as if fully set forth herein.

62.   Plaintiff is the owner of the trademark EUROCREME and its corresponding federal registrations.

63.   Each of the Defendant's unauthorized uses and reproductions in

Case No.

commerce of the mark EUROCREME, and/or variations thereof, is likely to cause confusion, mistake or deception of consumers as to the source or origin of Plaintiff's goods, services or commercial activities, or lead consumers to mistakenly believe that Plaintiff sponsors, approves of or is affiliated with any of the Defendants or their goods, services or commercial activities.

64.   As a result of each of the Defendant's infringements, consumers are likely to purchase Defendants' goods or services, or patronize Defendants' commercial activities, mistakenly believing them to be those of the Plaintiff.

65.   Plaintiff cannot control the nature and quality of the goods, services or commercial activities offered by each of the Defendants, and any failure, neglect or default by each of the Defendants in providing same will and does reflect adversely on Plaintiff as their believed source or origin, thus hampering efforts by Plaintiff to protect its reputation, and resulting in loss of sales, a diminution in Plaintiff's reputation, and/or the need for considerable expenditures to promote its goods, services or commercial activities under its marks, all to the irreparable harm of Plaintiff.

66.   Plaintiff's damages are continuing, and additional injury and damage to Plaintiff will continue to occur so long as each of the Defendant's above alleged unauthorized and infringing uses persist.

67.   Each of the Defendants' infringements is willful and deliberate, has resulted in gains, profits and advantages to each of the Defendants, and is designed

Case No.

specifically to trade upon the enormous goodwill associated with the EUROCREME mark.

68.    Each of the Defendants' infringements constitutes a violation of 15 U.S.C. § 1114(1), and will continue unless enjoined by this Court.

69.    Plaintiff does not have an adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)    Permanently enjoin each Defendant and all other persons who are in active concert or participation with each Defendant from continuing their unauthorized and misleading use of Plaintiff's trademark;

(B)    Order that each Defendant delete and permanently remove the torrent file relating to Plaintiff's trademark from each of the computers under each such Defendant's possession, custody or control;

(C)    Order that each Defendant delete and permanently remove the copy of the Work each Defendant has on the computers under Defendant's possession, custody or control;

(D)    Ordering Defendants to prepare and file with the Court and serve on Plaintiffs a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's judgment;

(E)    Ordering that an accounting be made of the profits Defendants have wrongfully obtained from his or her use of the EUROCREME mark, or any variation thereof;

1    (F)    Awarding Plaintiff three times such profits or Plaintiff's damages,

2    whichever amount is greater;

3    (G)    Awarding Plaintiff compensatory damages under 15 U.S.C. § 1117;

4

5    (H)    Awarding Plaintiff statutory damages under 15 U.S.C. § 1117;

6    (I)    Awarding Plaintiff their attorneys' fees and costs incurred in this action

7    under 15 U.S.C. § 1117;

8

9    (J)    Granting Plaintiff such other and further relief as the Court deems just

10   and proper.

11
                                    **COUNT IV**
12              **Contributory Trademark Infringement Against Does 1-11**

13   70.    The allegations contained in paragraphs 1-43 are hereby re-alleged as if

14
     fully set forth herein.
15

16   71.    The actions of each of the Defendants above, and specifically, their

17
     participation and inducement in the distribution of torrent files containing the
18

19   EUROCREME trademark to those whom each Defendant knows or has reason to

20   know is engaging in trademark infringement, constitute contributory trademark

21
     infringement in violation of federal law.
22

23   72.    Each act of contributory trademark infringement has resulted in loss of

24   sales, a diminution in Plaintiff's reputation, and/or the need for considerable

25
     expenditures to promote its goods, services or commercial activities under its mark,
26

27   all to the irreparable harm of Plaintiff.

28                                                                    Case No.

73.     Plaintiff's damages are continuing, and additional injury and damage to Plaintiff will continue to occur so long as each of the Defendant's above alleged unauthorized and infringing uses persists.

74.     Each of the Defendant's contributory infringements is willful and deliberate, has resulted in gains, profits and advantages to each of the Defendants, and is designed specifically to trade upon the goodwill associated with the EUROCREME marks.

75.     Plaintiff does not have an adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)     Permanently enjoin each Defendant and all other persons who are in active concert or participation with each Defendant from continuing their unauthorized and misleading use of Plaintiff's trademark;

(B)     Order that each Defendant delete and permanently remove the torrent file relating to Plaintiff's trademark from each of the computers under each such Defendant's possession, custody or control;

(C)     Order that each Defendant delete and permanently remove the copy of the Work each Defendant has on the computers under Defendant's possession, custody or control;

(D)     Find that each Defendant is jointly and severally liable for the unauthorized and misleading use of each other Defendant;

(E)     Award Plaintiff damages, and its attorneys' fees and costs incurred in

Case No.

1  this action; and

2      (F)    Grant Plaintiff any other and further relief this Court deems just and

3  proper.

4

5                    **DEMAND FOR A JURY TRIAL**

6  Plaintiff hereby demands a trial by jury on all issues so triable.

7

8                      Respectfully submitted,

9                      By: */s/ Adam M. Silverstein*

10                      Adam M. Silverstein (197638)

11                      CAVALLUZZI & CAVALLUZZI

12                      9200 Sunset Boulevard, Suite 807
Los Angeles, California 90069
Telephone: (310) 246-2601

13                      Facsimile: (310) 246-2606
Email: adam@cavalluzzi.com

14                      *Attorneys for Plaintiff*

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                            Case No.

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RAW FILMS, LTD. | JOHN DOES 1-11 |

| (b) County of Residence of First Listed Plaintiff<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  San Diego County<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|

| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Cavalluzzi & Cavalluzzi, 9200 Sunset Boulevard, Suite 807, Los<br>Angeles, CA, (310)246-2601 | Attorneys (If Known)<br><br>'12 CV 0368 WQH NLS |
|---|---|

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
   Plaintiff

☒ 3 Federal Question
   (U.S. Government Not a Party)

☐ 2 U.S. Government
   Defendant

☐ 4 Diversity
   (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☒ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. Section 106
Brief description of cause:
Copyright Infringement

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 150,000.00 | CHECK YES only if demanded in complaint:<br>JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE                SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____