1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAW FILMS, LTD., | CASE NO. 12cv368-WQH (NLS) |
| Plaintiff, | **ORDER GRANTING EXPEDITED DISCOVERY** |
| vs. | |
| JOHN DOES 1-11, | [Doc. No. 3.] |
| Defendant. | |

## INTRODUCTION

Before the Court is Plaintiff's motion to conduct expedited discovery, pursuant to Federal Rule of Civil Procedure 26(d)(1), by serving a third party subpoena on an internet service provider (ISP) in order to obtain the names of the Doe defendants in this case. Having considered the matter, the Court **GRANTS** the motion.

## BACKGROUND

This is a copyright infringement case brought by Plaintiff pursuant to 17 U.S.C. §§ 101 et seq. Compl. ¶ 1. Plaintiff is a British corporation that owns the copyright to a motion picture called "Bareback Street Gang." Compl. ¶¶ 6 & 11. Plaintiff alleges Defendants used the internet to install "BitTorrent," a common peer-to-peer (P2P) file sharing protocol, on their computers for the purpose of uploading, downloading and distributing its copyrighted work without permission. Compl. ¶¶ 15-25. Such activity requires the participation of a group of individuals who can upload and download

1   pieces of the work and then transmit them to one another for collection of the whole.   Compl. ¶¶ 28-

2   34.  The group of participants is called a "swarm."  *Id.*

3       Plaintiff hired IPP Limited (IPP) a company that carried out a forensic investigation to find

4   the Internet Protocol (IP) addresses of the individuals within the swarm.  Compl. ¶ 35.  IPP was able

5   to locate 11 IP addresses traced to physical addresses in California.  Compl. ¶ 4, Exh. A (list of 11

6   addresses in San Diego, Oceanside, and Chula Vista using Cox Communications as the ISP).

7       Plaintiff now seeks leave to serve a Rule 45[1] subpoena on the Doe defendants' Internet Service

8   Provider (ISP) in order to obtain their true identities for the prosecution of this lawsuit.  (Motion

9   ("Mot.") at 2.)

10                              **LEGAL STANDARDS**

11       **A.**     ***General principles***

12       A party may not seek discovery prior to the Rule 26(f) conference, unless that party obtains

13   a stipulation or court order to conduct early or expedited discovery.  Fed. R. Civ. P. 26(d)(1).  For

14   "good cause" shown, however, a court may order early discovery.  Good cause may be found "where

15   the need for the discovery, in consideration of the administration of justice, outweighs the prejudice

16   to the responding party."  *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.

17   Cal. 2002).

18       Rule 45, in conjunction with Rule 26, govern the discovery from nonparties by subpoena.  A

19   subpoena may command a nonparty to produce designated documents, electronically stored

20   information, or tangible things in its possession, custody or control.  Fed.R.Civ.P 45(a)(1)(A)(iii).

21       **B.**     ***Specific application to internet addresses***

22       In *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999)  the court stated  a

23   motion for expedited discovery should be granted to identify anonymous Internet users if the

24   following were shown:

25           1.      the plaintiff can "identify the missing party with sufficient specificity such that

26                   the Court can determine that defendant is a real person or entity who could be

27                   sued in federal court;"

28   _____

[1] All references to Rules are to the Federal Rules of Civil Procedure.

2.      the plaintiff has identified "all previous steps taken to locate the elusive defendant;"and

3.      the "plaintiff's suit against defendant could withstand a motion to dismiss."

*Id.* at 578-580.

Subsequently, the courts in *UMG Recordings, Inc. v Doe*, 2008 WL 4104214, *4 (N.D.Cal.), *Arista Records LLC v. Does* 1-43, 2007 WL 4538697, *1 (S.D.Cal.), and *Capitol Records, Inc. v. Doe*, 2007 WL 2429830, *1 (S.D. Cal.) looked at whether a plaintiff's complaint alleged a prima facie case for infringement, whether there was any other way to identify the Doe defendant, and whether there was a risk the ISP would destroy its logs prior to the conference.

The Court will apply all these considerations to this case.

**DISCUSSION**

**A.      *Identification of Defendants***

Plaintiff has provided IP addresses for the Doe defendants and the name of the ISP, Cox Communications, in Exhibit A attached to its Complaint. [Doc. No. 1-1.]  Plaintiff's forensic expert, Tobias Fieser, states that "[a]n IP address is a unique numerical identifier that is automatically assigned to an internet user by the user's [ISP]."  (Mot., Exh. 1(" Fieser decl.") ¶ 7.)  The ISP then keeps track of which IP addresses belong to which of their subscribers.  *Id.*  In this way, the requested discovery will provide the true names and addresses of the individuals performing the alleged infringing acts.  The Court finds Plaintiff has sufficiently identified each Doe defendant such that the Court can determine the defendants are real persons or entities who may be sued in federal court.

**B.      *Previous steps taken to locate defendants***

Plaintiff hired a professional company providing forensic investigation services to copyright owners to secure the IP addresses and ISP .  (Fieser decl. ¶ 5.)  Because the transactions in question occurred entirely online, the defendants have been elusive and the IP addresses and ISP are the only available identifying information.  Without the requested discovery, there are no other measures Plaintiff can take to identify the personal information for the Doe defendants.  The Court finds Plaintiff has taken all the steps it can on its own to identify the defendants.

1   **C.      *Withstanding a motion to dismiss***

2       BitTorrent, like the P2P network in *A & M Records Inc. v. Napster*, Inc., 239 F.3d 1004 (9th

3   Cir. 2001) is an online media distribution system that copies and distributes copyrighted works.

4   When this is done without permission it is indisputably copyright infringement. *Napster*, 239 F.3d

5   at 1014.  Plaintiff has sufficiently pleaded exclusive ownership of a valid copyright and that the Doe

6   defendants participated in the swarm that, without permission, copied and distributed Plaintiff's work.

7   *See Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (defining elements of infringement).

8   Plaintiff's allegation that each defendant was willingly and knowingly a part of the "swarm" for

9   purposes of the infringing conduct supports Plaintiff's claim of contributory infringement. *See* 17

10  U.S.C. § 504(c)(1) & (2).  Plaintiff has thus made a prima facie showing of copyright infringement

11  and has alleged sufficient facts to withstand a motion to dismiss.

12  **D.      *Good cause***

13      Plaintiff has alleged "ISPs only retain the information sufficient to correlate an IP address to

14  a person at a given time for a very limited amount of time."  (Fieser Decl. ¶ 11.)  There is a risk,

15  therefore, that the discovery will be deleted prior to the Rule 26(f) conference.

16      Moreover, the discovery is narrowly tailored to obtain only the information required to name

17  the Doe defendants.  Without such information the case cannot move forward and Plaintiff will not

18  be able to protect its copyrighted work.  Thus, the risk of prejudice to the responding party is

19  outweighed by the need for expedited discovery.  Accordingly, the Court finds good cause to grant

20  Plaintiff's motion for leave to serve the third party subpoena.

21  **E.      *Consideration of joinder, jurisdiction and fairness to Doe defendants***

22      In actions such as this one, where the Defendants have not yet appeared, it is the duty of the

23  court to consider not only the prejudice to the ISP, but also the prejudice to the as yet unnamed Doe

24  Defendants and the interests of the Court in the just determination of every action.  *See Capitol*

25  *Records, Inc. v. Does 1-16* 2007 WL 1893603 at * 1 (D. N.M. May 24, 2007) (denying expedited

26  discovery and recognizing  "the harm related to disclosure of confidential information.").

27          1.      Joinder

28              One issue presented is whether the 11 Doe defendants have properly been joined in this

single suit.  *See, e.g. IO Group, Inc. v. Does 1-435*, 2011 WL 445043 (N.D. Cal. Feb. 3, 2011)(noting that use of the same ISP and peer to peer network is insufficient to establish proper joinder)(citing cases.)  The issue of joinder is one of concern to the court, especially where, as here, there is no named party to raise the issue.  As one court has noted, copyright  "plaintiffs have devised a clever scheme to obtain court-authorized discovery prior to the service of complaints, but it troubles me that they do so with impunity and at the expense of the requirements of Rule 11(b)(3) because they have no good faith evidentiary basis to believe the cases should be joined."  *IO Group, Inc. v. Does 1-435* at *6, 2011 WL 445043 (N.D.Cal. Feb. 3, 2011), *quoting Arista Records, LLC v. Does 1-27*,  at *19 n. 5 2008 WL 222283 (D.Me. Jan. 25, 2008).  Also of concern to the court is that: "a consequence of postponing a decision on joinder in lawsuits similar to this action results in lost revenue of perhaps millions of dollars [from lost filing fees] and only encourages Plaintiffs  . . . to join (or misjoin) as many doe defendants as possible." *Arista Records, LLC v. Doe*s 1-11, 2008 WL 4823160, at * 6 (N.D. Ohio Nov. 3, 2008)

    In this evolving area of law, some courts have found good cause to address the question of joinder early in the litigation.  As one court observed: "Postponing the issue of joinder to a day that in all likelihood will never come only serves to aid Plaintiffs' attempt to avoid filing fees.  While Plaintiffs are certainly entitled to vindicate their rights, they must play by the Federal Rules in doing so." *Arista Records, LLC v. Does 1-11,* 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008), *quoting Sony BMG Music Entm't v. Does 1-5*, No. CV 07-2434 SJO (JCx) (C.D.Cal. Aug. 29, 2007): *see also IO Group v. Does 1-435*, 2011 WL 1219290 (N.D. Cal. Jan. 10, 2011)(severing doe defendants and modifying order allowing early discovery); *Arista Records, LLC. v. Does 1-27*, 2008 WL 222283 (D. Me. January 25, 2008)(suggesting that plaintiffs may have violated Rule 11 by alleging that joinder is proper in order to avoid paying filing fees); *Arista Records, LLC. v. Does 1-11*, 2008 WL 4823160 (N.D. Ohio Nov. 3, 2008)(finding that deferring the issue would only "aid  Plaintiffs' attempt to avoid filing fees."); *but see, e.g., Call of the Wild Movie, LLC, v. Does 1-1,062* — F.Supp.2d — 2011 WL 996786 (D. D.C. March 22, 2011)(collecting cases finding issue of joinder premature at early stages.)

    After careful consideration of the issue, the Court agrees that the issue of joinder should be addressed as early as possible.  In this case, the complaint sufficiently *alleges* that defendants are

1   properly joined  due to the use of BitTorrent, which necessarily requires each user to be an uploader

2   as well as a downloader.  The Court notes, however, that there is a question as to whether the joinder

3   will be proven appropriate once the necessary facts are established.

4                              2.    Jurisdiction and Venue

5                 Another issue presented is whether this court has personal jurisdiction over the Doe

6   defendants.  Plaintiff admits that they do not know the identity of the Doe Defendants.  Nonetheless,

7   Plaintiff asserts that Jurisdiction and Venue are proper in this court because the IP addresses have been

8   traced to physical addresses within the district, that each defendant resides in the State of California

9   and that the defendants engaged in systematic business activity a substantial part of which occurred

10  in this State.

11        The Court  concludes the issue of jurisdiction cannot be resolved without allowing the

12  discovery sought.  Even though the discovery is allowed, the Court notes the issue of personal

13  jurisdiction remains.  *See IO Group v. Laperna* 2009 WL 36608 (N. D. Cal.  January 6, 2009)(No

14  specific jurisdiction over Defendant who improperly displayed copyrighted images on website.) *but

15  see IO Group, Inc. v. Pivotal, Inc*., 2004 WL 838164, at *5-6 (N.D.Cal. Apr. 19, 2004)(Jurisdiction

16  proper over nonresident alleged to be illegal downloader).

17                           3.    Protections for the Doe defendants

18                 The Court should afford some protection to Doe defendants with  potentially valid

19  objections to the jurisdiction and venue of this court.  Therefore, Plaintiff may not release any

20  information identifying a Doe defendant without further Order issued by this Court.  Each Doe

21  defendant shall have the opportunity to challenge the jurisdiction of this Court and the subpoena

22  issued prior to being publicly accused of being an illegal downloader.[2]  Additionally, Plaintiff shall

23  provide the ISP with a copy of this Order and the Complaint in this action to be sent to each

24  subscriber.  The ISP shall serve each subscriber located within the jurisdiction of this court via regular

25

26        [2]Attached as Appendix A to this Order is a Court-Directed Notice Regarding Issuance of
    Subpoena.  The Court-Directed Notice explains the issues and circumstances surrounding the
27  subpoena and contains a resource list to assist the subscriber in finding a lawyer and/or information
    about the how to challenge the subpoena.
28

United States mail and shall serve each subscriber located outside the jurisdiction of this Court via Federal Express or other overnight mail service. Plaintiff shall reimburse the ISP for all mailing fees. Moreover, if any Doe defendant seeks to challenge either the jurisdiction of this court or the subpoenas issued, they may do so anonymously and shall have the right to remain anonymous until such time as the Court Orders that the identifying information can be released.

## CONCLUSION

For Good Cause shown, Plaintiff's motion for expedited discovery is **GRANTED**. **IT IS FURTHER ORDERED** that:

1. Plaintiff may serve a subpoena, pursuant to Fed. R. Civ. P. 45, on Cox Communications that seeks information sufficient to identify the defendants, including their names, current addresses, telephone numbers, e-mail addresses, and Media Access Control addresses for each Doe defendant;

2. Plaintiff may only use the information disclosed for the sole purpose of protecting its rights in pursuing this litigation and may not release any identifying information without a court order allowing the release of the information;

3. Within seven calendar days after service of the subpoenas, Cox Communications shall notify the subscribers that their identities are sought by Plaintiff and shall serve a copy of this order and the Complaint in this action on each subscriber. Cox shall serve the subscribers located in Imperial and San Diego Counties via regular United States Mail and shall notify all other subscribers via Federal Express or other overnight mail service. Each subscriber whose identity is sought may, within twenty-one calendar days from the date of such notice, file documents with the Court that contest the subpoena;

4. If Cox wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. If such a motion is brought, Cox shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion.

5. Plaintiff shall provide Cox with sufficient copies of this Order and the Complaint in this action to be served on each subscriber when the subpoenas are served on each of them.

1          6.      Plaintiff shall reimburse Cox for all mailing fees.

2    DATED:  March 2, 2012

3

4

5                                              Hon. Nita L. Stormes
                                               U.S. Magistrate Judge
6                                              United States District Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

APPENDIX A

## COURT-DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA

4

5

6

7

A subpoena has been issued directing  your Internet Service Provider ("ISP"), to disclose your name. The subpoena has been issued because you have been sued in the United States District Court for the Southern District of California, in San Diego, California as a "John Doe" by Raw Films, Ltd. You have been sued for infringing copyrights on the Internet by uploading and/or downloading a motion picture. The owner of the copyright to the movie, has identified you only as a "John Doe" and has served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

8

9

**YOUR NAME HAS NOT YET BEEN DISCLOSED.**
**YOUR NAME WILL BE DISCLOSED IN 21 DAYS**
**IF YOU DO NOT CHALLENGE THE SUBPOENA.**

10

11

12

13

14

15

Your name has not yet been disclosed. The Plaintiff has given the Court enough information about your alleged infringement to obtain a subpoena to identify you, but the Court has not yet decided whether you are liable for infringement. You can challenge the subpoena in Court. You have 21 days from the date that you receive this notice to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and the Plaintiff cannot proceed against you until you are identified). The Resource List in this notice can assist you in locating an attorney, and lists other resources to help you determine how to respond to the subpoena. If you do not file a motion to quash, at the end of the 21 day period, your ISP will send the plaintiff your identification information.  The Plaintiff may contact you, but may not release your name without a Court Order.

16

17

## OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

18

19

20

To maintain a lawsuit against you in the Southern District of California, the Plaintiff must establish jurisdiction over you in California.   If you do not live or work in California, or visit the state regularly, you may be able to challenge the California court's jurisdiction over you. If your challenge is successful, the case in California  will be dismissed, but the Plaintiff may be able to file against you in another state where there is jurisdiction.  Additionally, you can challenge "joinder," the fact that Plaintiff has sued 11 defendants together and Plaintiff must establish that the alleged violations arose out of the same transaction, occurrence, or series of transactions and occurrences.

21

22

You may also wish to find your own lawyer (see resource list below) to help you evaluate whether it is in your interest to try to reach a settlement or to defend against the lawsuit.

23

24

## RESOURCE LIST

25

The organizations listed below provide guidance on how to find an attorney and court process. If you live in or near California or San Diego, the second and third listings below provide referrals for local attorneys.

26

27

American Bar Association
http:// www. abanet/org/ legal services/ findlegal help/ home. htm

28

California  Bar Association
http:// www. calbar.org

San Diego County Bar Association
http:// www. sdcba.org

Electronic Frontier Foundation
454 Shotwell Street
San Francisco, California 94110-1914
email: Information@eff. org
https://www.eff.org/issues/file-sharing/subpoena-defense

The Southern District of California
**www.casd.uscourts.gov**
The website contains important information, such as the Local Rules, Contact Information and answers to Frequently Asked Questions